UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL A. SLAWSON,<br><br>    Plaintiff,<br><br>    v.<br><br>COUNTY OF LOS ANGELES, et al.,<br><br>    Defendants. | Case No. 2:20-cv-01356-JVS (GJS)<br><br>**ORDER DISMISSING ACTION WITHOUT PREJUDICE** |

On February 11, 2020, Plaintiff filed pro se a civil-rights action under 42 U.S.C. § 1983. His civil-rights claims arise from an involuntary psychiatric hold on him effected by the Los Angeles Police Department. On September 18, 2020, after screening the Complaint under 28 U.S.C. § 1915(e)(2), the District Judge dismissed the Complaint with leave to amend because, among other deficiencies, it failed to state any claim upon which relief could be granted. [Dkt. 11.] Plaintiff was ordered to file an amended complaint no later than October 21, 2020, 2020, and was warned that failure to do so could result in dismissal of his lawsuit for the reasons stated in the dismissal.

Rather than complying with the Court's Order, Plaintiff filed a "Response" on October 21, 2020 [Dkt. 12], stating that he is unable to comply with the Court's

order limiting his First Amended Complaint to twenty-pages. [Dkt. 12.] Although no specific relief was requested, the Court construed Plaintiff's "Response" as an application for leave to exceed the page limit and file his First Amended Complaint past the October 21, 2020 deadline. The Court ordered Plaintiff to file his First Amended Complaint, limited to twenty-five pages, no later than November 20, 2020. [Dkt. 13.] The November 6 Order again warned Plaintiff that his failure to rectify the deficiencies discussed in the Order would result in the case being dismissed under Rule 41(b).

To date, Plaintiff has not filed an amended complaint or requested an additional extension of time to do so. The dismissal order and the subsequent order granting Plaintiff additional time to file his First Amended Complaint was sent to his address of record and was not returned as undeliverable.

Rule 41(b) of the Federal Rules of Civil Procedure grants federal district courts the authority to *sua sponte* dismiss actions for failure to prosecute. *Link v. Wabash R. Co.*, 370 U.S. 626, 629-30 (1962). In determining whether dismissal for lack of prosecution is proper, a court must weigh several factors, including: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendant[]; (4) the public policy favoring disposition of cases on their merits[;] and (5) the availability of less drastic sanctions." *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (per curiam). Unreasonable delay creates a rebuttable presumption of prejudice to the defendant that can be overcome only with an affirmative showing of just cause by the plaintiff. *See In re Eisen*, 31 F.3d 1447, 1452-53 (9th Cir. 1994).

Here, the first, second, third, and fifth *Carey* factors militate in favor of dismissal. In particular, Plaintiff has offered no explanation for his failure to file an amended complaint especially considering that the Court provided Plaintiff additional time to do so. Thus, he has not rebutted the presumption of prejudice to Defendants. No less drastic sanction is available, as the Complaint fails to state a

claim and should not be ordered served; as a result, the Court is unable to manage its docket.

Although the fourth *Carey* factor weighs against dismissal—as it always does—together the other factors outweigh the public's interest in disposing of the case on its merits. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1261-62 (9th Cir. 1992) (as amended) (upholding dismissal of pro se civil-rights action for failure to timely file amended complaint remedying deficiencies in caption); *Baskett v. Quinn*, 225 F. App'x 639, 640 (9th Cir. 2007) (upholding dismissal of pro se civil-rights action for failure to state claim or timely file amended complaint).

Accordingly, for the foregoing reasons, IT IS ORDERED that this case is dismissed, without prejudice, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for lack of prosecution.

**IT IS SO ORDERED.**

DATED: December 04, 2020   _____
JAMES V. SELNA
UNITED STATES DISTRICT JUDGE

Presented by:

_____
GAIL J. STANDISH
UNITED STATES MAGISTRATE JUDGE